JOHN R. LUND (4368)
ADAM M. PACE (14278)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
jrl@scmlaw.com
amp@scmlaw.com
Telephone:    (801) 521-9000
Facsimile:    (801) 363-0400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKE CENTER LOCATING, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LOGIX COMMUNICATIONS, L.P., a Texas limited partnership,<br><br>Defendant. | **DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>Civil No. 2:13-cv-01090-TS<br><br>Judge Ted Stewart |

**PRECISE RELIEF SOUGHT AND SPECIFIC GROUNDS FOR MOTION**

Defendant Logix Communications, L.P. ("Logix") requests leave of the Court to file an amended Answer and Counterclaim to Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 15. The proposed amended answer is attached as Exhibit A, pursuant to DUCivR 15-1. Logix seeks to amend to eliminate the affirmative defense of the statute of frauds, to assert the additional affirmative defense of mutual mistake, and to assert counterclaims against Plaintiff based on Plaintiff's failure to provide timely invoices for its services, as was required under its contract

with Logix. The Court should grant this motion because the proposed amendment is timely, made in good faith, and will not unduly prejudice Plaintiff.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure provides that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The purpose of the Rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits." *Minter v. Prime Equip. Co., 451 F.3d 1196, 1204 (10th Cir.2006)*. Leave to amend should be freely granted absent considerations such as "undue delay, bad faith or dilatory motive" by the movant, "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Id.*

The present motion is timely. Plaintiff initially filed this lawsuit in state court on November 12, 2013. Logix removed this matter and filed its original answer on December 20, 2013. The present motion is made and timely filed within the deadline of March 28, 2014 for the amendment of pleadings, as specified in the Court's Scheduling Order. (Dkt. No. 8.)

The present motion is made in good faith, and Plaintiff will not be unduly prejudiced if the Court grants this motion. Logix seeks to assert the affirmative defense of mutual mistake and a counterclaim for breach of contract. Plaintiff has ample opportunity to address these amendments, and will not be unduly prejudiced by amendments timely asserted. By asserting the defense of mutual mistake, Logix seeks equitable reformation of the agreement to properly reflect the intention of both parties upon which the agreement was based.

Further, Logix seeks to assert a counterclaim for breach of contract. Plaintiff and Logix had a contract, which required Plaintiff to provide monthly invoices to Logix for services

rendered.  The agreed rate was a higher rate to reflect the mutual understanding of both parties that Plaintiff would perform a low volume of services.  Plaintiff breached its contractual obligations by failing to send timely invoices to Defendant for a period of 13 months.  Because Plaintiff failed to send these invoices for a period of 13 months, Logix was unaware of the increased volume of services being charged at the higher rate.  Plaintiff's breach caused damage to Logix because Plaintiff now seeks to collect payment for the 13 months of back invoices that Plaintiff failed to provide Logix on the required monthly basis.  Logix is entitled to an award of damages for Plaintiff's breach in an amount that is sufficient to offset Plaintiff's claim against Logix for the unpaid invoices, crediting Logix for the services at the proper lower rate applicable to the high volume of services that were performed.

The Court should grant this motion so that both parties will have the "the maximum opportunity" to have their claims decided on the merits as justice requires. *See Minter,* 451 F.3d at 1204.

## **CONCLUSION**

Based on the foregoing, pursuant to Fed. R. Civ. P. 15, Logix respectively requests this Court to grant leave to amend and file its First Amended Answer to assert the affirmative defense of mutual mistake and counterclaim.

Dated this 27th day of March 2014.

SNOW, CHRISTENSEN & MARTINEAU

  */s/ Adam M. Pace*
John R. Lund
Adam M. Pace
*Attorneys for Defendant Logix Communications, L.P.*

3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of March, 2014, I electronically filed the foregoing **MOTION AND MEMORANDUM IN SUPPORT FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM** with the Clerk of the Court using the EM/ECF system, which will send notification of such filing to the following:

>Scott S. Bell
>Jeffrey M. Sanchez
>Parsons Behle & Latimer
>201 South Main, Street, Suite 1800
>Post Office Box 45898
>Salt Lake City, Utah 84145-0898
>*Attorneys for Plaintiff*

        */s/ MKuroski*

2806983