JOHN R. LUND (4368)
ADAM M. PACE (14278)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, Eleventh Floor
Post Office Box 45000
Salt Lake City, Utah 84145-5000
jrl@scmlaw.com
amp@scmlaw.com
Telephone:    (801) 521-9000
Facsimile:    (801) 363-0400

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKE CENTER LOCATING, INC., a Utah Corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>LOGIX COMMUNICATIONS, L.P., a Texas limited partnership,<br><br>    Defendant. | **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br><br>Civil No. 2:13-cv-01090-TS<br><br>Judge Ted Stewart |

## INTRODUCTION

Logix's counterclaim for breach of contract is not futile and would not be subject to dismissal as claimed by SCL. The counterclaim is not duplicative of Logix's affirmative defense of setoff because it requests relief that is not afforded by that affirmative defense. Justice requires that Logix be given the opportunity to assert its affirmative claim for relief against SCL and recover damages it has incurred as a result of SCL's breach of contract.

Logix's amendment of its affirmative defenses is also proper. Logix's proposed Ninth Affirmative Defense is intended to clarify Logix's previous affirmative defenses, and ensure that Logix has properly pleaded the affirmative defense of mutual mistake and recission. If SCL believes that Logix has already properly pleaded that affirmative defense, then there is no prejudice in allowing the amendment as a clarification of the pleadings. The Court should therefore grant Logix's Motion for Leave to Amend and allow it to file the proposed First Amended Answer & Counterclaim.

## ARGUMENT

Rule 15(a) of the Federal Rules of Civil Procedure "declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Furthermore, "[t]he purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Hardin v. Manitowoc–Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir.1982).

Courts have discretion to deny a motion for leave to amend on the basis of futility if "the complaint, as amended, would be subject to dismissal." *Best Vinyl, LLC v. Homeland Vinyl Products, Inc.*, No. 2:10-CV-01158, 2012 WL 5398001, *1 (D. Utah Nov. 2, 2012) (quoting *Hodge v. Ocwen Loan Servicing*, 2012 WL 1434887 (D. Utah Apr. 24, 2012)).

**I.     LOGIX'S BREACH OF CONTRACT COUNTERCLAIM IS NOT SUBJECT TO DISMISSAL AS FUTILE.**

Logix has alleged in its counterclaim all the elements and facts necessary to recover for breach of contract against SCL under Utah law. See *Bair v. Axiom Design, L.L.C.*, 2001 UT 20, ¶ 14, 20 P.3d 388 ("The elements of a prima facie case for breach of contract are (1) a contract, (2) performance by the party seeking recovery, (3) breach of the contract by the other party, and (4) damages.")  SCL does not argue that Logix's counterclaim would be subject to motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  Rather, its argument for denial of leave to amend is wholly based upon its own "interpretation" of the proposed counterclaim, and of Logix's affirmative defense of setoff.  (*See* Dkt. No. 11 at 2-3).  The Court should not deny Logix the opportunity to seek affirmative relief for the damages it incurred as a result of SCL's breach of contract, based on SCL's self-serving interpretation of the pleadings.

Contrary to SCL's interpretation, Logix seeks more than a mere setoff with its breach of contract counterclaim.  Logix seeks to recover for all of the damages it has incurred as a result of SCL's failure to provide timely invoices, as it was required to do under the contract.  One way to measure a portion of these damages is to award Logix "damages in an amount equal to the difference between what SCL seeks in its Complaint and the reasonable costs of the same services billed at a more reasonable, high volume rate or the cost at which Logix could reasonably have otherwise obtained the services."  However, Logix also seeks "pre and post judgment interest…costs, attorney fees and other expenses of litigation where allowed by law…and other and further relief as the Court deems just and proper." (*See* Dkt. 10-1 at 9).

3

Moreover, it is uncertain whether the affirmative defense of setoff by itself would entitle Logix to the recoupment relief it seeks through the counterclaim for breach of contract.  The common law doctrine of setoff "grants a creditor the right 'to offset a mutual debt owing by such creditor to the debtor' so long as both debts arose before the commencement of the [] action and are indeed mutual."  *In re Concept Clubs, Inc.*, 154 B.R. 581, 586 (D. Utah 1993).  Under the contract, it is not clear that SCL owed Logix an existing debt that arose before the commencement of this action that Logix could properly set off against SCL's claims.  SCL will undoubtedly attempt to capitalize on this uncertainty in the law and argue that Logix is not entitled to set-off damages incurred as a result of SCL's failure to deliver timely invoices as required under the contract.  Logix's breach of contract counterclaim is therefore necessary to establish Logix's affirmative right to recover from SCL.

A denial of leave to amend for Logix to assert its counterclaim would be contrary to the plain language and case law concerning Fed. R. Civ. P. 15. As indicated in *Foman* and *Hardin*, a party should be afforded the maximum opportunity to test its claims on the merits.  If Logix is not granted leave to assert its counterclaim, Logix will be denied its opportunity to have its breach of contract claim decided on the merits.  The Court should therefore grant Logix's Motion for Leave to file Amended Answer and Counterclaim.

## II. THE AMENDED AFFIRMATIVE DEFENSE OF MUTUAL MISTAKE IS INTENDED TO CLARIFY THE PLEADINGS, AND IS NOT PREJUDICIAL TO SCL.

Logix seeks to clarify its affirmative defenses to ensure that it has properly pleaded the defense of mutual mistake and recission.  If SCL believes that Logix has already properly pleaded these defenses, then there is no prejudice in allowing the amendment as a clarification of

4

the pleadings. Alternatively, Logix is willing to withdraw the amended Ninth Affirmative Defense of mutual mistake based upon SCL's statement that it recognizes Logix's existing affirmative defense as properly asserting the defense of mutual mistake and recission. (*See* Dkt. No. 4 at 5).

## CONCLUSION

For these additional reasons, and for the reasons set forth in its initial memorandum, Logix respectfully requests the Court grants leave to amend pursuant to Fed. R. Civ. P. 15 and allow Logix to file its First Amended Answer and Counterclaim.

Dated this 30th day of April 2014.

SNOW, CHRISTENSEN & MARTINEAU

　　　*/s/ Adam M. Pace*
John R. Lund
Adam M. Pace
*Attorneys for Defendant Logix Communications, L.P.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of April, 2014, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM** with the Clerk of the Court using the EM/ECF system, which will send notification of such filing to the following:

>Scott S. Bell
>Jeffrey M. Sanchez
>Parsons Behle & Latimer
>201 South Main, Street, Suite 1800
>Post Office Box 45898
>Salt Lake City, Utah 84145-0898
>*Attorneys for Plaintiff*

*/s/ MKuroski*

2841571