IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAKE CENTER LOCATING, INC., a Utah Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LOGIX COMMUNICATIONS, L.P., a Texas limited partnership,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO AMEND ANSWER<br><br><br>Case No. 2:13-CV-1090 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion for Leave to File Amended Answer and Counterclaim.[1] For the reasons discussed below, the Court will grant the Motion.

I. BACKGROUND

Plaintiff Stake Center Locating, Inc. is a Utah corporation that provides utility locating services. Defendant Logix Communications, L.P. is a Texas limited partnership that installs fiber optic lines and other underground telecommunications wiring. In May 2011, the parties entered into an agreement whereby Plaintiff agreed to provide its services at Defendant's facilities in Dallas, Texas.

In May 2012, Plaintiff's billing process began to experience trouble and invoices were not sent to Defendant for several months. In September 2013, Plaintiff provided Defendant with invoices that had not been provided for the prior sixteen months. Defendant has not paid for Plaintiff's services rendered during this sixteen-month period. Plaintiff filed suit in Utah state court on November 11, 2013, seeking recovery of the amounts owed. Defendant removed the

---
[1] Docket No. 10.

action to federal court on December 11, 2013. On December 20, 2013, Defendant filed its Answer. On March 27, 2014, Defendant moved for leave to amend its Answer.

## II. DISCUSSION

Defendant seeks leave to amend its Answer to (1) add a counterclaim for breach of contract, (2) add an affirmative defense clarifying the previously asserted affirmative defense based on mutual mistake, and (3) remove an affirmative defense concerning the statute of frauds. Plaintiff argues that granting leave to add the breach-of-contract counterclaim is futile because it is duplicative of Defendant's previously asserted affirmative defense for setoff. Similarly, Plaintiff argues that Defendant's proposed clarification of the mutual-mistake affirmative defense is duplicative of Defendant's originally asserted mutual-mistake defense. Plaintiff further contends that because both amendments would be duplicative, permitting their inclusion will complicate the case, confuse the issues, and prejudice Plaintiff. Plaintiff does not challenge Defendant's request to remove the affirmative defense based on the statute of frauds.

Federal Rule of Civil Procedure 15 provides that at this stage of litigation "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[2] The purpose of Rule 15 is "to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[3] Courts should freely give leave to amend except where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of

---

[2] Fed. R. Civ. P. 15(a)(2).

[3] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

2

allowance of the amendment, futility of amendment, etc."[4] "The . . . most important[] factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party."[5] "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'"[6] This typically "occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."[7]

### A. BREACH OF CONTRACT

Plaintiff argues that Defendant's breach-of-contract counterclaim is duplicative of Defendant's affirmative defense of setoff. Defendant argues that the counterclaim and affirmative defense are not identical. Rather, Defendant contends that the counterclaim seeks damages that are not sought under the affirmative defense and that the relief that could be afforded under the setoff might be entirely different from the relief available under the counterclaim.

Defendant's Answer currently asserts the following affirmative defense: "Plaintiff's claims are barred or must be reduced due to payment, set off and release."[8] Defendant's proposed counterclaim includes sixteen paragraphs detailing the jurisdictional and factual basis for a breach of contract, based on Plaintiff's alleged failure to provide Defendant with invoices for services rendered by Plaintiff.

---

[4] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[5] *Minter*, 451 F.3d at 1207.
[6] *Id.* at 1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)).
[7] *Id.*
[8] Docket No. 4, at 5.

Although "[s]ome jurisdictions have dissolved the distinction between setoff [and] recoupment . . . for pleading purposes,"[9] the concepts are nonetheless substantively distinct. "[A] setoff, as distinguished from a recoupment . . . ar[i]se[s] from different transactions, or occurrences, between the same parties."[10] Recoupment "describe[s] a claim that defendant could assert against plaintiff only if it arose from the same transaction as plaintiff's claim."[11] The breach-of-contract counterclaim Defendant seeks to assert against Plaintiff arises from the same transaction or occurrence that gave rise to the claims Plaintiff asserted in its Complaint. As such, Defendant's affirmative defense of setoff is not duplicative of its proposed breach-of-contract counterclaim. Moreover, even if the Court were to construe Defendant's affirmative defense of setoff as an affirmative defense for recoupment, Defendant's proposed counterclaim seeks relief in excess of the damages that would be available under a recoupment defense, including attorney fees, costs, and equitable rescission.

Based on the foregoing, the Court finds that amending the Answer to include Defendant's breach-of-contract counterclaim will serve to maximize the parties' opportunity to have their dispute decided on the merits and will not prejudice Plaintiff's ability to prepare a defense.

B. MUTUAL MISTAKE

Defendant's Answer asserts the following affirmative defense: "Plaintiff's claims are barred in whole or in part because the parties were mistaken as to an essential fact of the

---

[9] 20 Am. Jur. 2d *Counterclaim, Recoupment, and Setoff* § 98.

[10] *In re Concept Clubs, Inc.*, 154 B.R. 581, 586 (Bankr. D. Utah 1993).

[11] 6 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice & Procedure § 1401 (3d ed. 1998).

contract."[12] Defendant seeks leave to add the following affirmative defense to the Answer: "Logix asserts the defense of mutual mistake and seeks equitable rescission or reformation of the agreement."[13]

Plaintiff argues that the Court should not permit Defendant's proposed second mutual-mistake affirmative defense because it is duplicative and its inclusion would prejudice Plaintiff by unduly emphasizing Defendant's mutual-mistake defense in the suit and triggering multiple jury instructions on the same topic. Defendant asserts that it seeks to include the new affirmative defense to clarify the relief being sought—rescission or reformation of the agreement.

"In considering the futility of affirmative defenses, courts look to Rule 12(f) of the Federal Rule of Civil Procedure, rather than Rule 12(b)(6).[14] Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant [or] immaterial . . . matter."[15] "A court should proceed with extreme caution in striking a pleading."[16] "[M]otions to strike are not favored and any doubt as to the striking of a matter in a pleading should be resolved in favor of the pleading."[17]

Defendant's proposed additional mutual-mistake affirmative defense clarifies the relief sought by Defendant and warrants amendment. Yet, its inclusion does make the originally

---

[12] Docket No. 4, at 6.

[13] Docket No. 10 Ex. A, at 7.

[14] *Developers Sur. & Indem. Co. v. Network Elec., Inc.*, No. 2:12-CV-289 TC-DBP, 2013 WL 2948948, at *3 (D. Utah June 14, 2013) (citing *Tiscareno v. Frasier*, No. 2:07-CV-336 CW, 2012 WL 1377886, at *16 (D. Utah Apr. 19, 2012)).

[15] Fed. R. Civ. P. 12(f).

[16] *Colo. Milling & Elevator Co. v. Howbert*, 57 F.2d 769, 771 (10th Cir. 1932).

[17] *MRSI Int'l, Inc. v. Bluespan, Inc.*, No. 2:05-CV-896 DAK, 2006 WL 2711791, at *1 (D. Utah Sept. 21, 2006) (alterations, citations, and internal quotation marks omitted).

included mutual-mistake affirmative defense redundant. Based on the foregoing, the Court will grant leave to amend the Answer to include Defendant's proposed mutual-mistake affirmative defense. But Defendant's initially pleaded mutual-mistake affirmative defense—the eighth defense in the proposed Amended Complaint—will be stricken from the pleading.

## III. CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion for Leave to File Amended Answer and Counterclaim (Docket No. 10) is GRANTED.

Defendant is directed to file its Amended Answer and Counterclaim within fourteen (14) days, in accordance with this Order.

The hearing set for June 25, 2014, is STRICKEN.

DATED this 16th day of June, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge