IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKE CENTER LOCATING,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LOGIX COMMUNICATIONS,<br><br>　　　　Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-01090-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 23.) The case involves an alleged breach of a contract for provision of underground utility locating services. It is presently before the Court on five separate discovery motions filed by the parties. Four of the motions seek to compel or prohibit depositions of various individuals. (*See* Dkt. 24; Dkt. 25; Dkt. 26; Dkt. 28.) The fifth motion seeks to compel interrogatory responses and documents from Defendant Logix Communications ("Logix"). (Dkt. 29.) The Court ruled on the motions orally during the 9:00 a.m. hearing on March 17, 2015. This Memorandum Decision provides a summary of the Court's rulings for the parties' reference.

### Orders

I.　**Plaintiff SCL's "Motion for Protective Order Regarding Defendant Logix's Notices of Videotaped Depositions of Kathy Code and Chuck Schvaneveldt."**

Plaintiff Stake Center Locating ("SCL") moves to strike Logix's second notices of deposition of Kathy Code and Chuck Schvaneveldt, and prohibit those depositions. (Dkt. 24.)

The Court has reviewed the parties briefing on the matter. (*See id.*; Dkt. 27; Dkt. 32.) For the reasons set forth on the record, the Court **GRANTS** SCL's motion for protective order.

## II. Logix's "Motion to Extend Fact Discovery to Permit Depositions."

Logix moves to extend discovery and take the deposition of Mr. Jeremy Stone. (Dkt. 29.) The Court has reviewed the parties' briefing. (*See id.*; Dkt. 33.) For the reasons set forth on the record, the Court **GRANTS IN PART** and **DENIES IN PART** Logix motion. (Dkt. 29.) Logix shall be allowed to take Mr. Stone's deposition, so long as it does so by April 28, 2015. The parties may stipulate to extend this deadline until May 12, 2015. Unless the parties obtain leave of court, the Stone deposition shall not occur after May 12, 2015. Discovery is not extended, with the exception of the Stone deposition and certain other matters as specifically addressed below.

## III. Logix's "Motion for Protective Order Regarding Plaintiff's Notices of Videotaped Depositions of Ron Henriksen and Sheri Henriksen."

Logix moves to prohibit SCL from taking depositions of Ron and Sheri Henriksen. (Dkt. 25.) During the March 17 hearing, SCL conceded this motion insofar as it involves Sheri Henriksen. The Court has reviewed the parties' briefing on the motion. (*See id.*; Dkt. 30.) For the reasons set forth on the record, the Court **GRANTS IN PART** and **DENIES IN PART** the motion for protective order. SCL is prohibited from taking the deposition of Ms. Sheri Henriksen. SCL shall be allowed to take Mr. Ron Henriksen's deposition, so long as it does so by April 28, 2015. The parties may stipulate to extend this deadline until May 12, 2015. Unless the parties obtain leave of court, Mr. Henriksen's deposition shall not occur after May 12, 2015.

## IV. Logix's "Motion for Protective Order Regarding Plaintiff's Notice of Deposition of Jason Hargis."

Defendant Logix moves for a protective order prohibiting SCL from taking Jason Hargis' deposition. (Dkt. 26.) The Court has reviewed the parties' briefing on the motion. (*See id.*; Dkt.

31.) For the reasons stated on the record during the March 17 hearing, the Court **DENIES** the motion for protective order. (Dkt. 26.) SCL shall be allowed to take Mr. Hargis' deposition, so long as it does so by April 28, 2015. The parties may stipulate to extend this deadline until May 12, 2015. Unless the parties obtain leave of court, the deposition shall occur no later than May 12, 2015.

### V. SCL's "Motion to Compel Defendant Logix Communications, L.P., to Respond to Interrogatories and Requests for Production of Documents."

SCL moves to compel Logix to provide amended answers to interrogatories and provide documents responsive to discovery requests. (Dkt. 28.) Defendant Logix did not file any written opposition to SCL's motion to compel. "Failure to respond timely to a motion may result in the court's granting the motion without further notice." D. U. Civ. R. 7-1(d). For the reasons expressed on the record during the March 17 hearing, the Court **GRANTS** SCL's motion based on Logix's lack of opposition. (Dkt. 28.) Logix must provide amended answers to interrogatories and responsive documents no later than April 28, 2015. The parties may stipulate to extend this deadline until May 12, 2015. Unless the parties obtain leave of court, the amended discovery responses must be provided no later than May 12, 2015.

IT IS SO ORDERED.

Dated this 17th day of March, 2014.

By the Court:

_____
Dustin B. Pead
United States Magistrate Judge