IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKE CENTER LOCATING,<br><br>    Plaintiff,<br><br>v.<br><br>LOGIX COMMUNICATIONS,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-01090-TS-DBP<br><br>District Judge Ted Stewart<br><br>Magistrate Judge Dustin B. Pead |

This matter was referred to the Court under 28 U.S.C. § 636(b)(1)(A). (Dkt. 23.) The case involves an alleged breach of a contract for provision of underground utility locating services. It is presently before the Court on Defendant Logix Communications' ("Logix") motion to stay discovery pending resolution of its disqualification motion. (Dkt. 66.).

## Analysis

### I.      Defendant has not established good cause to stay the case.

Logix argues that the case must be stayed because Logix moved to disqualify one of the law firms representing Plaintiff Stake Center Locating ("SCL"). SCL opposes the stay by pointing out that the proposed stay is unnecessary because, even assuming an irreparable conflict exists, the pending discovery will not be affected by it. The Court has reviewed the parties briefing on the matter. (*See id.*; Dkt. 69; Dkt. 71.)

The Court has discretion to grant a stay of discovery pursuant to Rule 26. *E.g. Moore v. Busby*, 92 F. App'x 699, 702 (10th Cir. 2004). Here, Logix has not shown good cause to justify a

stay of the limited discovery still pending. The Court agrees with SCL that the outstanding discovery will not be materially affected by the conflict raised by Logix. Logix has apparently conceded that the Hagris and Henriksen depositions may go forward. Moreover, any discovery responses supplemented by Logix will not be affected by SCL's counsel's purported conflict. Logix argues that it should not be required to disclose sensitive documents to SCL's counsel. (Dkt. 66.) This argument is puzzling given Logix previous argument that Parsons Behle should be disqualified because one of their attorneys already has sensitive information about Logix. Even assuming a conflict exists, the Court cannot find on the facts presented that such conflict will be exacerbated by the document production previously ordered.

Finally, the Court finds that the Stone deposition will not be materially affected by the purported conflict because Mr. Stone is a third-party witness. Logix has not offered any specific harm that will be caused by moving forward with the Stone deposition. Instead, Logix indicates they refused to go forward "given the clear conflict" of Parsons Behle. The Court has no information on which it could find that this deposition will be materially adversely affected if Mr. Bell takes it on behalf of SCL.

### Order

Based on the foregoing, Logix's motion to stay (Dkt. 66.) is hereby

**DENIED**.

IT IS SO ORDERED.

Dated this 20th day of April, 2014.   By the Court:

_____
Dustin B. Pead
United States Magistrate Judge