IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| STAKE CENTER LOCATING, INC.,<br><br>Plaintiff,<br>v.<br><br>LOGIX COMMUNICATION, L.P.,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:13-cv-1090 JNP<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Brooke Wells |

Pending before the undersigned are Stake Center Locating Inc.'s Motion for Supplemental Proceedings,[1] Logix Communication, L.P.'s Motion to Stay Enforcement of Judgment,[2] and Logix's Motion to Respond to Plaintiff's Reply in support of their Motion for Supplemental Proceedings.[3] All these motions surround a money judgment that was "entered in favor of State Center Locating, Inc. and against Logix Communications, L.P, in the amount of $700,000.00"[4] As set forth below the court will order Plaintiff to propound interrogatories and Defendant to provide responses so that Plaintiff may complete the Application for Writ of Execution.

Standard of Review

Rule 62 Provides in relevant part that "Except as stated in this rule, no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."[5] The Rule also provides guidance for when a stay is proper following judgment.

---

[1] Docket no. 235.

[2] Docket no. 238.

[3] Docket no. 241.

[4] Judgement in Civil Case, docket no. 206.

[5] Fed. R. Civ. P. 62.

Stay Pending the Disposition of a Motion. On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions:

(1) under Rule 50, for judgment as a matter of law;
(2) under Rule 52(b), to amend the findings or for additional findings;
(3) under Rule 59, for a new trial or to alter or amend a judgment; or
(4) under Rule 60, for relief from a judgment or order.[6]

Courts consider a set of four factors when determining whether to grant a stay: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'"[7] A stay must be on "appropriate terms for the opposing party's security."[8]

Rule 69 provides for enforcement of a money judgment. It states:

(1) Money Judgment; Applicable Procedure. A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies.

(2) Obtaining Discovery. In aid of the judgment or execution, the judgment creditor or a successor in interest whose interest appears of record may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located.[9]

DISCUSSION

At the outset the court addresses Defendant's Motion to Respond.[10] Defendant seeks to file a sur-reply to Plaintiff's reply in support of the Motion for Supplemental Proceedings.

---

[6] Fed. R. Civ. P. 62(b).

[7] *Nken v. Holder*, 556 U.S. 418, 434 (2009) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[8] Fed. R. Civ. P. 62(b).

[9] Fed. R. Civ. P. 69(a).

[10] Docket no. 241.

Generally a motion consists of a memorandum in support, a memorandum in opposition and a reply. "No additional memoranda will be considered without leave of court."[11] Here Defendant did not file a true motion seeking to file a sur-reply. Rather, Defendant's sur-reply simply begins by addressing Plaintiff's arguments and asks for relief without requesting any leave to file a sur-reply. Such a filing is not a "best practice" by any stretch of the imagination and in most cases would result in the court striking the pleading sua sponte. Here, however, given the current posture of the case and the fact that it would be wise in the court's view to save the parties time and money, the court will construe Defendant' pleading as a motion for leave to file sur-reply and will grant that request.

I.     Motion for Supplemental Proceedings and Motion to Stay Execution of Judgment

These motions are closely related and the arguments made in behalf and against each motion are largely the same. As noted previously, judgement has been entered in this case and Plaintiff seeks to collect on that judgment. Plaintiff requests an order compelling Mr. Mark J. Johnson, CEO of Logix Intermediate Holding Corporation, to appear in court and answer questions concerning the judgment debtor's property and assets.[12] Stake Center also seeks financial information from Logix including copies of its "Audited Consolidated Balance Sheet" and an "Unaudited *Pro Forma* Balance Sheet of Transferee."[13] Finally, Plaintiff seeks an order restraining Logix's property and to forbid any person from "transferring, disposing of, or interfering with the Logix property so long as the . . . judgment remains unsatisfied or until this Court issues additional orders or imposes appropriate security measures to protect the

---

[11] DUCivR 7-1(b)(2)(B).

[12] *See* motion p. 2, docket no. 235.

[13] *Id.*

creditor."[14] According to Stake Center, judgment has been entered and a writ of execution under Federal Rule 69(a) is appropriate given the circumstances in this case. Plaintiff argues that it needs the requested discovery to execute the writ of execution and identify Logix's assets.

Logix's primary resistance to entry of Stake Center's requested relief revolves around some outstanding motions in this case: 1) Logix's Motion for Attorney Fees, which according to Defendant may offset the judgment against it; 2) its motion for Judgment as a Matter of Law that could potentially change the outcome in this case; and 3) Logix's recently filed Motion to Stay Execution of Judgment that was filed after Stake Center's motion for supplemental proceedings. Logix alleges Stake Center's request to freeze assets is "extremely overbroad" especially since Logix has in "excess of $869.4 Billion in assets under management."[15] Finally, Logix asserts Stake Center's requests are unduly burdensome particularly on a new CEO, Mr. Johnson. There is no need for discovery proceedings because "Logix has established an escrow account that contains more than sufficient funds to cover Stake Center's judgment, including post-judgment interest."[16] This argument is supported by an Affidavit of Ronald W. Henriksen, who is the former Chairman of Logix Communications, L.P.

The court finds Logix's Affidavit unpersuasive. It does little to advance Logix's position because it contains unsupported statements that provide little useful information. The fact that someone has "personal knowledge" of an escrow account with alleged sufficient funds to cover the judgment provides no information about how much is in the account, who has access to it and whether there are other creditors that have claims to the account. In short Logix's Affidavit does

---

[14] *Id.*

[15] Op. p. 3, docket no. 237.

[16] *Id.*

not meet the standards set forth in Rule 62 that permits a court to stay proceedings to enforce a judgment.

Logix offers two cases in support of its motion to stay *Contract Design Group, Inc.v. Wayne State Univ.*,[17] and *Adams v. Toyota Motor Corp.*[18] Both are readily distinguishable from the current case, however, because both cases involve judgment debtors with secured financial situations. One was a public university and the other a large Fortune 500 company with numerous assets. As noted in the *Wayne State University* case, "[t]here is a presumption in favor of requiring a bond if the court grants the stay, but the court can forgo the bond in a limited set of circumstances."[19] Such circumstances are not present here.

In looking at the factors to determine whether to grant a stay, Logix has not made a strong showing that it is likely to succeed on the merits, has failed to demonstrate irreparable injury, the issuance of the stay has the likelihood of injuring the Plaintiff given Defendants unsubstantiated financial position and the public interest lies in favor of executing the judgment. The court therefore will deny the stay and allow judgment proceedings to move forward.

There is a certain merit, however, to Defendant's arguments regarding burdensomeness and the court believes there is some middle ground that presents a workable solution for the parties. In its sur-reply Defendant suggests that Stake Center propound written discovery to Logix as provided for in Rule 69. Logix claims "[b]y serving Logix with interrogatories, the information Stake Center seeks could be properly ascertained, and the answers would be verified."[20] Presumably this will limit the costs both parties might incur and then Stake Center

---

[17] 2014 WL 2892513 (E.D. Mich. June 25, 2014).

[18] 2015 WL 3742898 (D.Minn. June 15, 2015).

[19] *Wayne State University*, 2014 WL 2892513 *1.

[20] Sur-reply p. 3, docket no. 241.

may gain the information necessary to complete its Application for Writ of Execution. The court adopts this proposal and will order Logix to provide answers to discovery.

## ORDER

In accordance with the foregoing, it is HEREBY ORDERED that Logix's Motion to File Sur-Reply is GRANTED.

IT IS FURTHER ORDERED that Logix's Motion to Stay is DENIED.

And, IT IS ORDERED that Stake Center's Motion is DENIED in PART and GRANTED in PART. Stake Center may serve written discovery upon Logix to gain the information it seeks to complete the Application for Writ of Execution. Logix is ORDERED to provide verified answers within fifteen (15) days after service of the discovery requests. If Logix fails to answer the discovery then Stake Center may renew its motion and the undersigned will be inclined to order Logix to post a bond.

IT IS SO ORDERED.

DATED this 5 December 2016.

Brooke C. Wells
United States Magistrate Judge