IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAKE CENTER LOCATING,<br><br>                    Plaintiff,<br>v.<br><br>LOGIX COMMUNICATIONS, L.P.,<br><br>                    Defendant. | **MEMORANDUM DECISION AND ORDER DENYING LOGIX'S MOTION FOR JUDGMENT AS A MATTER OF LAW**<br><br>Case No. 2:13-cv-1090-JNP-DBP<br><br>District Judge Jill N. Parrish |

Before the court is a motion brought by Logix Communications, L.P. far a judgment as a matter of law. [Docket 215]. The court DENIES the motion.

## BACKGROUND

Logix entered into a service agreement contract with Stake Center Locating, Inc. Under the contract, Stake Center would locate underground utility lines for Logix for a set price for each locating service provided. Stake Center was required to provide monthly invoices for the services it provided. Stake Center delivered the agreed upon services for a period of sixteen months, but failed to submit the required monthly invoices during this period of time. Upon discovering its error, Stake Center submitted an invoice for the entire period. Logix refused to pay.

Stake Center sued Logix for breach of contract and, alternatively, for restitution for the uncompensated services as unjust enrichment. Logix asserted various defenses in its answer, including that Stake Center's material breach of the contract excused its obligation to pay for the services provided. It also asserted a counterclaim for breach of contract based upon Stake Center's failure to submit monthly invoices. As damages, Logix asserted that it was entitled to

1

the difference between the amount billed and the cost of the same services if they had been billed at a more reasonable, high-volume rate.

This court concluded as a matter of law that Stake Center breached the contract by failing to submit monthly invoices. The court further ruled that the question of whether the breach was material was for the jury to decide.

At trial, the jury found that Stake Center's breach was material, excusing Logix's contractual obligation to pay for the services Stake Center provided. But the jury also found that Stake Center was entitled to relief on its unjust enrichment claim and awarded it $700,000 as the reasonable value of the utility line location services that it provided.

## ANALYSIS

Logix has moved for a judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure. "A party is entitled to judgment as a matter of law 'only if the evidence points but one way and is susceptible to no reasonable inferences which may support the opposing party's position.'" *Hysten v. Burlington N. Santa Fe Ry. Co.*, 530 F.3d 1260, 1269 (10th Cir. 2008) (citation omitted). In evaluating the evidence to determine whether judgment as a matter of law is appropriate, a court must not "weigh evidence, judge witness credibility, or challenge the factual conclusions of the jury." *Id.* (citation omitted).

Logix argues that it is entitled to judgment as a matter of law because Stake Center failed to produce evidence of the reasonable value of the underground utility line locating services it provided. *See Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1017 (Utah 2015) (the proper measure of unjust enrichment damages is generally the "reasonable value" of the services provided). Logix concedes that Stake Center entered the service contract into evidence and that a contract fixing the price of a service may serve as evidence of the reasonable value of the services provided, even if the contract is unenforceable. RESTATEMENT (THIRD) OF RESTITUTION

2

AND UNJUST ENRICHMENT § 49 cmt. g (2011) ("[E]ven an unenforceable contract may serve to establish value for restitution purposes, if the grounds of unenforceability do not draw into question the validity of the parties' agreement as to price."). But Logix asserts that the service contract has no evidentiary value because the parties assumed that Stake Center would provide a low volume of work rather than the high volume of work that it actually provided.

Even assuming that the contract price was for low-volume work and that the reasonable value of the high-volume work was less than the contract price, Logix has not shown that there are "no reasonable inferences" that could be drawn from the evidence presented at trial to support the amount of damages awarded by the jury. *See Hysten*, 530 F.3d at 1269. The question of how much to award in damages (or in this case, unjust enrichment) is not a multiple choice test in which the jury choses among three or four numbers presented by experts or attorneys. The jury is given great latitude to fix the proper amount of a damage award. *See TruGreen Companies, L.L.C. v. Mower Bros., Inc.*, 199 P.3d 929, 932. All that is required to support a jury's damage award is "evidence that rises above speculation and provides a reasonable, even though not necessarily precise, estimate of damages." *Id.* at 932–33 (citation omitted). "Where damages are appropriate but difficult to prove the law eschews the necessity of mathematical exactitude. . . . '[A]ll that can be required is that the evidence, with such certainty as the nature of the particular case may permit, lay a foundation which will enable the trier to make a fair and reasonable estimate.'" *Hartford Whalers Hockey Club v. Uniroyal Goodrich Tire Co.*, 649 A.2d 518, 523 (Conn. 1994) (citation omitted).

The jury in this case was not left to speculate on the reasonable value of the locating services provided. If it believed that the reasonable value of the services provided by Stake Center included a high-volume discount, the jury could properly use the contract price as a

3

starting point and reasonably estimate a discounted value from there. Because a reasonable inference could be drawn from the contract price, there was sufficient evidence to support the amount of unjust enrichment awarded. Therefore, Logix's motion for a judgment as a matter of law fails.

## CONCLUSION

The court DENIES Logix's motion for a judgment as a matter of law. [Docket 215]

Signed March 31, 2017.

                BY THE COURT

                _____
                Jill N. Parrish
                United States District Court Judge