IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| STAKE CENTER LOCATING,<br><br>                      Plaintiff,<br>v.<br><br>LOGIX COMMUNICATIONS, L.P.,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER DENYING LOGIX'S MOTION FOR ATTORNEY FEES, COURT COSTS, AND LITIGATION EXPENSES**<br><br>Case No. 2:13-cv-1090-JNP-DBP<br><br>District Judge Jill N. Parrish |

      Before the court is a motion brought by Logix Communications, L.P. requesting an award of attorney fees, court costs, and litigation expenses pursuant to a contractual provision. [Docket 207]. The court DENIES the motion for fees.

## BACKGROUND

      Logix entered into a service agreement contract with Stake Center Locating, Inc. Under the contract, Stake Center would locate underground utility lines for Logix for a set fee. Stake Center was required to provide monthly invoices for the services it provided. The contract contained an attorney fee provision, which stated: "In the event of any litigation or other proceedings between the parties concerning this Agreement, the prevailing party shall be entitled to the payment by the non-prevailing party of all its reasonable attorneys' fees, court costs, and litigation expenses."

      Stake Center provided the agreed upon services for a period of sixteen months, but failed to submit the required monthly invoices. Upon discovering its error, Stake Center submitted a single invoice for the entire period. Logix refused to pay.

      Stake Center sued Logix for breach of contract and, alternatively, for restitution for the uncompensated services as unjust enrichment. Logix asserted various defenses in its answer,

including that Stake Center's material breach of the contract excused its obligation to pay for the services provided. It also asserted a counterclaim for breach of contract based upon Stake Center's failure to submit monthly invoices. As damages, Logix asserted that it was entitled to the difference between the amount billed and the cost of the same services if they had been billed at a more reasonable, high-volume rate.

This court concluded as a matter of law that Stake Center breached the contract by failing to submit monthly invoices. The court further ruled that the question of whether the breach was material was for the jury to decide.

At trial, the jury found that Stake Center's breach was material, excusing Logix's contractual obligation to pay for the services Stake Center provided. Logix, therefore, prevailed on its material breach affirmative defense to Stake Center's breach of contract claim. But the jury also found that Stake Center was entitled to relief on its unjust enrichment claim and awarded it $700,000 as the reasonable value of the utility line location services that it provided. Thus, Stake Center prevailed on its restitution claim.

Logix filed a motion for attorney fees, court costs, and litigation expenses pursuant to the attorney fee provision of the contract. It argued that since it succeeded on its material breach defense to Stake Center's breach of contract claim, it was the prevailing party under the attorney fee provision. Logix claimed that it was entitled to $1,014,937.80—the entire amount of its attorney fees and expenses for this litigation. The attorney fee motion was accompanied by two relevant exhibits: (1) the affidavit of John L. Grayson accompanied by approximately 600 pages of billing records documenting $952,092.42 in attorney fees, court costs, and litigation expenses and (2) the affidavit of Rodney R. Parker accompanied by billing records documenting $62,845.38 in attorney fees, court costs, and litigation expenses. The billing records attached to

the Grayson affidavit are so heavily redacted that it is impossible to tell which time entries are associated with work on particular claims, counterclaims, or defenses in the suit.

Stake Center opposed the fee motion. It argued that this court should not award fees or costs because: (1) Logix failed to allocate its fees and costs between the successful contract claim, the unsuccessful contract claim, and the unjust enrichment claim; (2) Logix is not a prevailing party under the attorney fee provision; and (3) Logix sought and obtained rescission of the service contract, negating the attorney fee provision. Stake Center also argued that "reasonable attorneys' fees" would be no fee or a substantially reduced fee.

In reply, Logix argued that it had no obligation to allocate fees because it was entitled to all of its fees. In the alternative, it attached a second affidavit of John L. Grayson that allocated $827,205.50 of the attorney fees to the successful breach of contract claim and $35,011.50 of the attorney fees to the unjust enrichment claim and work done pursuing a claim that Stake Center had filed a fraudulent lien. This second affidavit allocated all of the $89,874.42 in claimed costs to the successful contract claim. Thus, the affidavit attached to the reply brief allocated over 96% of the requested fees and costs to Logix's successful affirmative defense.

Stake Center objected to the introduction of new evidence in the affidavit attached to the reply brief, arguing that any allocation should have been included with the motion for fees so that it would have had an opportunity to respond.

## ANALYSIS

Stake Center first argues that the court should deny the motion for fees due to Logix's failure to allocate its fees and costs between recoverable claims and nonrecoverable claims. The court agrees, and therefore does not reach Stake Center's other arguments.[1]

---

[1] Because the court does not address Stake Center's other arguments, it assumes for the purposes of this order that Logix was the "prevailing party" on its material breach affirmative defense

3

"One who seeks an award of attorney fees . . . has the burden of producing evidence to buttress the requested award. When the evidence presented is insufficient, an award of attorney fees cannot stand." *Foote v. Clark*, 962 P.2d 52, 55 (Utah 1998) (citation omitted). This initial burden of producing evidence in support of a fee award includes an obligation to allocate a "fee request according to [the moving party's] underlying claims." *Id.*; *accord Valcarce v. Fitzgerald*, 961 P.2d 305, 317 (Utah 1998) (the evidence submitted by the party requesting fees "must distinguish between those fees incurred in connection with successful and unsuccessful claims"). The moving party must "categorize the time and fees expended for (1) successful claims for which there may be an entitlement to attorney fees, (2) unsuccessful claims for which there would have been an entitlement to attorney fees had the claims been successful, and (3) claims for which there is no entitlement to attorney fees." *Reighard v. Yates*, 285 P.3d 1168, 1182 (Utah 2012) (citation omitted).

A failure to satisfy this obligation to allocate between compensable and noncompensable fees "makes it difficult, if not impossible, for the trial court to award the moving party fees because there is insufficient evidence to support the award." *Jensen v. Sawyers*, 130 P.3d 325, 349 (Utah 2005). Therefore, "[a] court cannot award all attorney fees requested if they have not been allocated as to separate claims, *but may deny attorney fees altogether for failure to*

---

under the attorney fee clause and could have made a legitimate claim to part of the fees expended in this litigation. But a reasonable argument can be made that Logix did not qualify for a fee award under the terms of the relevant contractual language. The attorney fee clause provides: "In the event of any litigation or other proceedings between the parties concerning this Agreement, the prevailing party shall be entitled to the payment by the non-prevailing party of all its reasonable attorneys' fees, court costs, and litigation expenses." Logix argues that it is the "prevailing party" in a "litigation . . . concerning this Agreement" because it prevailed on one of the contract claims at issue in this case. This language, however, can also be read more broadly to mean that only the prevailing party in the entire litigation, which may contain only some claims concerning the contract, can make a claim for attorney fees. Under this interpretation, Logix was not the prevailing party in the litigation as a whole because Stake Center obtained a $700,000 judgment against it.

*allocate.*" *Reighard*, 285 P.3d at 1183 (emphasis added); *accord Foote*, 962 P.2d at 57 ("[A] trial court may, in its discretion, deny fees altogether for [the requesting party's] failure to allocate . . . ." (second alteration in original) (quoting *Valcarce*, 961 P.2d at 318.)).

Logix was not the overall prevailing party in this litigation. Stake Center won this case by receiving a $700,000 judgment in its favor. Thus Logix's claim for fees and costs is necessarily premised on the assumption that the question of which party is entitled to fees under the contract should be analyzed on a claim-by-claim basis. In other words, Logix's argument that it is entitled to a fee award presumes the need to allocate between fees incurred on recoverable and nonrecoverable claims.

Logix prevailed on only one claim "for which there may be an entitlement to attorney fees." *See Reighard*, 285 P.3d at 1182. Logix won on its material breach affirmative defense against Stake Center's breach of contract claim. Under Logix's reading of the attorney fee provision, it was the prevailing party on this claim concerning the contract. The other claims cannot support a fee award in its favor. Stake Centers' unjust enrichment claim, by definition, was not a claim concerning the contract. And although Logix's breach of contract claim concerned the contract, Logix did not prevail on this claim. Because Logix's performance under the contract was excused, the jury did not address its claim that Stake Center's breach damaged Logix by causing it to be overbilled for the utility line location services. Finally, Logix's fraudulent lien claim appears to involve an entirely separate litigation in Texas.

Because Logix was not entitled to fees for a number of the claims that were litigated in this case, it had an obligation to allocate its fees between compensable and noncompensable claims. Logix, however, neglected this obligation. It made no attempt to allocate its fees and costs and requested the entire amount it was billed for this litigation. Moreover, the 600 pages of

billing records attached to the Grayson affidavit—which documented the great bulk of the fees and costs requested—are so thoroughly redacted that any independent attempt to allocate these fees would be futile.[2] Because Logix failed to shoulder its "burden of producing evidence to buttress the requested award. . . . an award of attorney fees cannot stand." *See Foote*, 962 P.2d at 55.

The Grayson affidavit attached to the reply brief did not cure this defect. First, by not allocating the fees until the reply brief, Logix deprived Stake Center of an opportunity to respond. The court, therefore, declines to entertain this new issue raised in the reply brief. *See New Mexico v. Trujillo*, 813 F.3d 1308, 1317 n.3 (10th Cir. 2016) (new arguments raised in a reply brief are generally waived); *Bennett v. Sprint Nextel Corp.*, No. 09-2122-EFM, 2013 WL 1197124, at *2 (D. Kan. Mar. 25, 2013) ("Courts in this circuit generally refuse to consider new evidence offered for the first time in a reply brief."). Second the reply affidavit is still inadequate and does not allow the court to evaluate the allocation issue. The affidavit contains a number of unredacted time entries that Logix concedes are attributable in full or in part to unrecoverable claims. But it is still impossible to review the vast majority of the time entries contained in the 600 pages of billing documents attached to the original Grayson affidavit to determine whether other time entries could plausibly be allocated to nonrecoverable claims. Third, although much of the work and expenses in this matter may be relevant to more than one claim, the reply affidavit allocated 100% of these fees and costs to the claim on which it was successful with no principled basis for doing so.

---

[2] In a footnote to the Grayson affidavit, he offers to "hand-deliver unreacted versions [of the billing records] to the Court immediately upon request." [Docket 207-1, p. 3]. But the onus is not on this court to request the production of adequate evidence to support an attorney fee award. It is the requesting party's obligation to submit it.

Finally, having ruled on many of the pretrial motions and presided over the trial, the court finds the belated allocation of over 96% of the fees and costs to the recoverable claim—and less than 4% to the claim on which Stake Center prevailed and recovered $700,000—to be patently unreasonable. For example, the extent of the services rendered by Stake Center, the associated cost and value of these services, and whether Logix was aware that the services were being rendered were central issues litigated in this matter and were not relevant to Logix's successful contract claim.[3]

## CONCLUSION

Because Logix neglected its obligation to allocate its fees and costs, the court DENIES its motion for attorney fees. [Docket 207].

Signed March 31, 2017.

BY THE COURT

Jill N. Parrish
United States District Court Judge

---

[3] Even if Logix had properly allocated its fees and costs, a reasonable fee would be substantially less than what Logix has requested. The court notes Logix was represented by four attorneys during the four-day trial, two of whom never presented argument or examined a witness. This surplusage of legal representation for the contract dispute at issue here unreasonably augmented the fees billed in this case. Additionally, Logix expended a significant amount of attorney time to file multiple motions to exclude business records that documented the work performed by Stake Center. The court allowed Stake Center additional time to authenticate these documents and denied the motions to exclude. Stake Center, however, neglected to enter the records into evidence during its case in chief. Snatching defeat from the jaws of victory, Logix's attorney later entered into evidence the very records it had fought to keep out. Attorney time expended on these motions to exclude is likewise unreasonable.

Some of the billed costs are also suspect. The court has not combed the more than 600 pages of billing records, but notes that one of the expenses billed to Logix was an iPad purchased for the trial. [Docket 207-1. p. 242/611].